IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KAREN EVETTE WILLIAMS                                          PLAINTIFF

v.                              Civil No. 4:14-cv-2020

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Karen Williams, brings this action pursuant to § 405(g) of Title II of the Social Security Act, seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

I.    **Background:**

Plaintiff protectively filed an application for DIB on August 10, 2011, alleging an onset date of July 27, 2010, due to "heart attack, diabetes, arthritis, hearing issues with speech impediment, and high cholesterol." (Tr. 610-614).   For DIB purposes, Plaintiff continues to have insured status

---

[1]

The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

through December 31, 2015. (Tr. 482, 484, 610). Plaintiff's claim was denied initially and on reconsideration. An administrative hearing was held on June 19, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 494-522). A Vocational Expert ("VE") was also present and testified. (Tr. 518-522).

The Administrative Law Judge ("ALJ") determined Plaintiff had the severe impairments of "diabetes mellitus, heart problems, hypertension, obesity, and osteoarthritis." (Tr. 484, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 484-485, Finding 4).

The ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 485-488). The ALJ first evaluated Plaintiff's subjective complaints and found they were not entirely credible. (Tr. 487). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) except she can occasionally climb, balance, crouch, stoop, kneel, and crawl. She can finger and handle frequently." (T. 485, Finding 5).

With the help of a VE, the ALJ evaluated Plaintiff's past relevant work ("PRW"). (Tr. 488-489). The ALJ determined Plaintiff could not perform any PRW. (Tr. 488, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 488-489, Finding 10). Based on the VE's testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as receptionist/information clerk and general office clerk. (Tr. 489, 518-522). The ALJ concluded Plaintiff was not disabled. (Tr. 489, Finding 11).

Plaintiff requested a review of the hearing decision by the Appeals Council on October 4, 2012, which denied the request on November 29, 2013. (Tr. 1-4, 476). On January 23, 2013,

Plaintiff filed the present appeal.  (ECF No. 1).  The Parties consented to the jurisdiction of this Court on January 28, 2014.  (ECF No. 7).  Both Parties have filed appeal briefs, and the case is ready for decision.  (ECF Nos. 12, 15).

## II.   <u>Applicable Law</u>:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation.  She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has

an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform her PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. 20 C.F.R. §§ 404.1520(a)-(f); *Cox*, 160 F.3d at 1206. The fact finder only considers the plaintiff's age, education, and work experience in light of her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**III.**   **Discussion**:

Plaintiff raises two arguments for reversal: (1) the ALJ failed to adequately develop the record, and (2) the ALJ's RFC determination was not based on substantial evidence. (ECF No. 12 at 7-12).

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "all the evidence in the record in determining the RFC, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id.* at 807. The plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox*, 160 F.3d at 1206.

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel*, 245 F.3d 700, 703-04 (8th Cir.

2001).  This Court is required to affirm the ALJ's RFC determination if the determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

The evidence shows Plaintiff had a heart attack in July 2010.  (Tr. 825-833, 857, 869). Plaintiff appeared to fully recover by September 2010, based on reports from her cardiologist, Dr. Stephen Manus.  (Tr. 727).  At the time, Plaintiff's stress test was within normal limits, and her symptoms had improved enough to discontinue her nitroglycerin. (Tr 726-728).  Dr. Manus cleared her to return to work.  (Tr. 726).  Plaintiff was also treated during this time by Dr. James Saunders, who saw Plaintiff about every six months and prescribed medication for arthritis, high blood pressure, angina, diabetes, and cholesterol.  (Tr. 788-789, 791).

On September 16, 2011, Dr. Jerry Thomas, a State non-examining physician, submitted a physical RFC assessment and opined Plaintiff was capable of light work without any additional limitations.  (Tr. 778-784).  On October 24, 2011, Dr. Dan Gardner affirmed Dr. Thomas's opinion (Tr. 787).  Although Dr. Gardner affirmed the earlier opinion, there were no new medical records to review. The only update to the record was Plaintiff's second Function Report.  (Tr. 785-786).

In November 2011, and March 2012, Plaintiff met with Dr. Saunders for a diabetes follow-up.  At both visits, Dr. Saunders noted Plaintiff was "doing ok," but was struggling to control her diabetes and experiencing chest pain and new problems in her hands, fingers, and feet.  (Tr. 788, 790-792).  Her blood sugar reading at a March 2012 visit was 349, and she had developed edema in her lower legs.  (Tr. 789).  On June 5, 2012, Plaintiff visited Dr. Manus with new complaints of chest discomfort and trouble breathing. (Tr. 1042).  Dr. Manus recommended Plaintiff undergo a stress test or cardiac catherization and advised her to stop taking Meloxicam because it elevated her

risk of a heart attack. (Tr. 1041-1042). The next day, Plaintiff underwent a cardiac catherization performed by Dr. John Mehl. The cardiac catherization revealed she had a "30-percent in-stent non-obstructive narrowing" and ejection fraction of fifty-percent. (Tr. 799-803). Dr. Mehl characterized her condition as class II, indicating "a patient with mild systemic disease." (Tr. 805). These new reports were addressed at the June 19, 2012, hearing, and the record was left open so the records could be submitted. (Tr. 499-501).

The ALJ acknowledged the significance of Plaintiff's new medical records and wrote, "[he] reduced the residual functional capacity due to recent medical evidence of record submitted at the hearing level ... which convinced [him] that the claimant is more limited than at the time of the DDS determination." (Tr 487-488). The ALJ, however, did not contact Plaintiff's treating physicians for a medical opinion or order a consultative examination. The ALJ also did not adequately address the recent treatment notes from Dr. Saunders, which indicated Plaintiff's diabetes was uncontrolled, documented new problems in her hands and feet, and tended to indicate Plaintiff had some impairment in her ability to move and manipulate objects. It is not clear the ALJ accounted for all of Plaintiff's new medical issues, particularly the ones the State's consulting physicians did not review.

The principal opinion evidence in this case was from the state's non-examining physicians, whose opinions were based on records regarding Plaintiff's recovery from her heart attack and a 2011 visit to Dr. Saunders. (Tr. 774-776). The opinion of a consulting physician who did not examine Plaintiff generally does constitute substantial evidence. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999). Given the absence of a treating physician's opinion in this case and the fact the State's consultative physicians' physical RFC assessments predated Plaintiff's more recent diabetes,

pain, and heart problems, the Court believes the ALJ's decision was not based on substantial evidence and remand is necessary to allow the ALJ to further develop the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984); *see also Reed v. Colvin*, 2013 WL 4511325 at *3-4 (W.D. Ark. August 23, 2013)(remanding where the ALJ determined Plaintiff could perform sedentary work, but a heart catherization revealed mild coronary artery disease and in-stent stenosis, but the record did not contain a treating physician's opinion or consultative examination).

On remand, the ALJ should contact a treating physician or, alternatively, order a consultative evaluation and new physical RFC assessment.

## IV.  Conclusion:

For reasons stated in a memorandum opinion of this date, I hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

If Plaintiff wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412, an application may be filed up to thirty (30) days after the judgment becomes "not appealable" i.e., thirty (30) days after the sixty (60) day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B),(d)(2)(G).

**Dated** this **28th day of January 2015**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE